## ENGLISH v. THE STATE.

The caption forms no part of the indictment; it is not essential; and therefore no defects in it can be made a ground of objection to the indictment. Our practice differs in this respect from the English practice.

It is not necessary that an indictment should show upon its face by what grand jury it was found; that fact appears from the records of the court and is judicially known to the court.

It is not necessary to bring up the record of the proceedings previous to the finding of the indictment, where the same are not excepted to. And where the previous proceedings are not shown by the transcript, regularity will be presumed.

Appeal from Polk. The appellant was indicted at the Fall Term, 1848, of the District Court, for playing at cards in a public place. The indictment commences thus: "The State of Texas, county of Polk, in the District Court," &c. The grand jurors in and for the county and State, being elected, tried, impaneled, sworn, and charged to inquire in and for the body of the county aforesaid, upon their oath present," &c. The defendant moved the court to quash the indictment. This motion was overruled, and there was a conviction; upon which the defendant moved in arrest of judgment, on the following grounds, viz:

"1st. The indictment does not set forth in what county the grand jurors were elected, impaneled, tried, and sworn.

"2d. It does not allege in what county the offense was committed."

The motion was overruled and the defendant appealed.

*Yoakum & Taylor*, for appellant. The venue of the grand jury is not stated. (Rex v. Kilderby, 1 Saund. R., 308; 1 Chit. C. L., 3..; 2 Hawk. P. C., ch. 25, secs. 16, 17, 118; 2 Hale P. C., 165; The State v. McClure, 1 Yerg. R., 206.) The last case is especially in point, and in its discussion Judge [126] White throws much light upon the question. The caption, though no part of the indictment, should state the time and place when and where the indictment was found.

WHEELER, J. The error assigned is the refusal of the court to arrest the judgment for the reasons stated in the motion.

The second ground embraced in the motion is unsupported by the record, and is not now insisted on; but it is insisted that the judgment ought to be reversed upon the first ground; that is, that the indictment does not state in what county the grand jurors were elected, impaneled, sworn, &c.

The objection to the indictment now urged is founded on the omission in the caption, after the words "county and State," of the word "aforesaid," or some equivalent expression, by way of reference to the venue. Thus, instead of saying, "The grand jurors in and for the county and State, being elected," &c., it is insisted it should be, "The grand jurors in and for the county and State *aforesaid*, being elected," &c. The omission was doubtless accidental, and the question is whether it is fatal to the indictment. It occurs in the caption, which is properly no part of the indictment. It therefore cannot constitute a valid objection to the indictment itself, nor to the record, unless it is necessary with us, as in England, that the indictment should have prefixed a caption containing a historical statement of the proceedings had in the court below previous to and upon the finding of the indictment, and that it should be embodied in the record brought to this court. This has never been required in practice in this country, and is unnecessary.

The English practice is thus succinctly stated by Judge Catron, in the case of McClure v. The State, (1 Yerg. R., 216:) "An indictment is found in some court inferior to the King's Bench; application is made, before the trial is had below, to the Court of King's Bench to send down a *certiorari* to bring up the cause and try it in that court. The writ is sent down commanding the original

record to be sent up. [127] (9 Vir. Abr., 517.) Of course the indictment alone is sent; but to show that it has been regularly found, something further must be made to appear to the court above. This is the business of the caption, which is a historical statement made by the clerk of the court below of the proceedings had in his court previous to the finding of the indictment, and which is the return to the writ of *certiorari*. The same practice has been pursued where the trial has been had below and the cause is brought up for judgment; or where verdict and judgment have passed below and the record is brought up to examine errors upon a judge's report, similar to our bill of exceptions."

The caption in the English practice is the historical statement by the clerk of the proceedings, and is no part of the record. (1 Saund. R., 3.9.) When it is received in the King's Bench it is entered of record, to render the proceedings regular in form in that court; and if defective, it may be amended at any time. (Ib., n. 2.) Under our law of procedure everything, from the impaneling of the grand jury to the final judgment inclusive, transpires in the same court. And from the final judgment an appeal lies to this court. This brings up a transcript of the record of the court made in that particular case. This must show that the party was put upon his trial by indictment or information, (Const., art. 1, sec. 8,) and that his trial and conviction were regular and legal. The proceeding previous to the finding of the indictment are of record in the court where the trial is had, and are subject to the observation of the parties and the judicial cognizance of the court. If any irregularity exists, it is competent for the parties to bring it to the attention of the court, and to have it presented by the record for revision in this court. But when the proceedings previous to the indictment are not excepted to below, there is no necessity to bring up the record of them, which has no more connection with that particular indictment than with any other found during the term. And where the previous proceedings are not shown by the transcript, regularity will [128] be presumed. (1 Yerg. R., 218; 1 Saund. R., 248, n. 11; 2 Hawk. Ch., 25. sec. 17; 4 Bac. Abr., tit. "INDICTMENT," 572.) In the present case, then, the record of the impaneling of the jury and the finding of the indictment was before the District Court; and that court judicially knew, from an inspection of its own records, that the indictment was found by a grand jury of the State of Texas, legally "impaneled, sworn, and charged to inquire in and for the body of the county of Polk." It was not, therefore, necessary that it should be formally stated in the indictment that the State and county mentioned were the State of Texas and county of Polk; nor that the statement in the caption of the county and State should have been connected with and referred to the venue by the word "aforesaid" or otherwise.

Judgment affirmed.